# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

THE PHILADELPHIA COMMUNITY BAIL FUND,
BY AND THROUGH ITS TRUSTEES,
CANDACE MCKINLEY AND LAUREN TAYLOR,
THE YOUTH ART & SELF-EMPOWERMENT
PROJECT, BY AND THROUGH ITS
TRUSTEES, SARAH MORRIS AND JOSHUA
GLENN, GERALD THOMAS, AND INDIVIDUAL
HELD ON BAIL HE COULD NOT AFFORD,
STEPHON THOMAS, AN INDIVIDUAL HELD
ON BAIL HE CANNOT AFFORD, DAMIER
MORAGNE, AN INDIVIDUAL HELD ON BAIL
HE CANNOT AFFORD, KIMBERLY
BLACKWELL, AN INDIVIDUAL HELD ON BAIL
SHE COULD NOT AFFORD, JEREMY HARRIS,
AN INDIVIDUAL HELD ON BAIL HE COULD
NOT AFFORD, HASHEEN JACOBS, AN
INDIVIDUAL HELD ON BAIL HE CANNOT
AFFORD, Z.L., A MINOR HELD ON BAIL HE
COULD NOT AFFORD, BY AND THROUGH
HIS MOTHER ALYCIA BROWN, NASIR WHITE,
AN INDIVIDUAL HELD ON BAIL HE COULD
NOT AFFORD, EVAN SLATER, AN INDIVIDUAL
HELD ON BAIL HE COULD NOT AFFORD,

:   No. 21 EM 2019

          Petitioners

          v.

ARRAIGNMENT COURT MAGISTRATES OF
THE FIRST JUDICIAL DISTRICT OF THE
COMMONWEALTH OF PENNSYLVANIA,

          Respondents

## ORDER

**PER CURIAM**

**AND NOW**, this 27th day of July, 2020, the Application for Leave to Exceed the Word Limit and "the Application of Members of the Criminal Defense Bar Who Practice in Montgomery County for Leave to File an *Amicus Curiae* Brief *Nunc Pro Tunc*" are GRANTED.

In an exercise of King's Bench jurisdiction, this Court appointed a special master to conduct an inquiry, "limited to Petitioners' allegations regarding systemic failures of the First Judicial District to properly conduct cash-bail matters pursuant to current law, as well as any suggestions for action by this Court in response to those alleged systemic failures." *See Philadelphia Community Bail Fund v. Arraignment Court Magistrates*, 21 EM 2019 (order dated July 8, 2019).

Following meetings with the parties and participants, which were held over several months, the special master issued his Report, opining that the First Judicial District's bail system "is essentially sound" and further suggesting that wholesale overhaul would be "unrealistic." That said, the special master offers various suggestions for change. Many of the special master's suggestions implicate administrative matters, including restructuring the administration of the First Judicial District to provide a clear line of authority over the bail system.

Additionally, the Report, as well as the responses filed by the parties, participants, and *amici curiae*, detail a number of proposals. Some underscore that bail proceedings in Philadelphia should comply with existing law. *See, e.g.*, Report of the Special Master at 12 (indicating that the parties and participants agree that, in setting a monetary

condition for bail, the bail authority "must consider a defendant's ability to pay along with the release criteria set forth in Rule of Criminal Procedure 523[.]").

Many proposals, however, do not relate to any alleged "systemic failures" to abide by "current law," but, rather, propose change to existing provisions. *See, e.g.*, Report at 14, 26, and 38 (relaying a proposal that the system in Philadelphia be altered to permit certain defendants, arrested on lower-level charges, to be processed without a preliminary arraignment; such a paradigm would be in evident tension with Rule of Criminal Procedure 1003(D)).

In some other instances, the parties and participants seek a summary pronouncement from this Court as to constitutional issues that may not be in alignment with existing appellate case law. *See, e.g.*, Report at 13 and 36 (conveying that Petitioners and the Defender Association of Philadelphia seek a declaration that the constitutional provision for holding a defendant without bail, *see* Pa.Const. art. I, §14, imposes a clear-and-convincing-evidence burden of proof); *see also* Petitioners' Response at 48-49 (recounting case law indicating that, for purposes of holding a defendant without bail, the Commonwealth need only establish a *prima facie* case of first- or second-degree murder).

Initially, this Court reaffirms the fundamental principle that cash-bail determinations, as with all other adjudications, are to be made in accordance with existing law. As such, bail authorities are reminded that the amount of any "monetary condition shall not be greater than is necessary to reasonably ensure the defendant's appearance and compliance with the conditions of the bail bond." Pa.R.Crim.P. 524(C)(5); *see also* Pa.R.Crim.P. 528(B) (requiring monetary bail conditions to be reasonable). Further, "[n]o condition of release, whether nonmonetary or monetary, should ever be imposed for the sole purpose of ensuring that a defendant remains incarcerated until trial." Pa.R.Crim.P.

524, Comment. Moreover, cash-bail conditions are to be tailored to the individual defendant. *See* Pa.R.Crim.P. 528(A)(2) (requiring a bail authority to consider the financial ability of the defendant in setting cash bail).

More broadly, the Court recognizes that, although many of the proposals advanced in the submissions arguably fall outside the ambit of the exercise of King's Bench jurisdiction in this matter, as they are not squarely related to alleged "systemic failures" of the First Judicial District to abide by "current law," there is value in further consideration of various proposed administrative and rule-based changes.

Accordingly, the special master's Report, as well as the filings of the parties, participants, and *amici curiae*, will be forwarded to the Court Administrator. While taking no position at this juncture on the merits of these proposals, the Court generally requests that the Court Administrator consider these submissions for possible administrative action. Such consideration should include, but not necessarily be limited to, the following proposals:

- restructure the administration of the First Judicial District, by which the President Judge of the Municipal Court would have the authority and accountability for the bail system;

- augment the First Judicial District's process of gathering an arrestee's financial information; this consideration should include an examination of the First Judicial District's ongoing efforts along these lines. *See* Respondents' Response at 6;

- enhance judicial education for Arraignment Court Magistrates;

- create a mechanism by which bail conditions, such as stay-away directives, would be entered into the National Crime Information Center database, so that law enforcement authorities can be made aware of those conditions;

- reassess the audio-visual systems utilized by the Arraignment Court Magistrates; such consideration should account for any improvements made to date and detail any changes planned for the future, including estimates as to when those prospective changes will occur;

- create bail-release forms that would employ simplified terminology and adopt "plain-language" standards.

Additionally, the special master's Report, as well as the filings of the parties, participants, and *amici curiae*, will be forwarded to Chairs of the Criminal Procedural Rules Committee, the Minor Court Rules Committee, and the Juvenile Court Procedural Rules Committee.  While taking no position at this juncture on the merits of these proposals, the Court generally instructs those Committees to consider these submissions for any rules-related proposals.  Such consideration should include, but not necessarily be limited to, the following proposals:

- require that preliminary arraignments be recorded, which would implicate an amendment to Rule of Criminal Procedure 115(A) and any other related rules;

- amend Rule of Criminal Procedure 520(A), so that a bail authority is mandated to explain his or her rationale for any monetary bail calculation or conditions imposed, instead of the present requirement that reasoning be provided only when bail is refused;

- alter the requirement of Rule of Criminal Procedure 524(A), such that bail conditions must be the least restrictive available rather than the current standard that conditions must be "reasonably necessary."  *See* Pa.R.Crim.P. 524(A);

- amend Rule of Criminal Procedure 1003(D) to permit certain arrestees in the First Judicial District to bypass a preliminary arraignment;

- provide for prompt bail-review hearings when a defendant is held without bail or remains in custody due to the imposition of monetary or non-monetary conditions;

- mandate that criteria akin to those used to determine *in forma pauperis* status in the civil context, *see* Pa.R.C.P. No. 240, be employed in making bail determinations;

- adopt a presumption that juveniles are indigent for purposes of setting bail.  *See generally* 21 EM 2019, Brief of *Amicus Curiae* Juvenile Law Center; and

- reject employment of any risk-assessment tools in the bail context. *See generally* 21 EM 2019, Briefs of *Amici Curiae* AI Now Institute, Harvard/MIT Algorithmic Justice, and Upturn.

Following the consideration of the Court Administrator and the relevant Committees, and upon any necessary review from this Court, any warranted changes will be made in due course.

Finally, the Court declines to offer a pronouncement as to Article I, Section 14 of the Pennsylvania Constitution in the context of this King's Bench proceeding. Rather, that constitutional claim should be considered in a case in which it is squarely at issue.

Jurisdiction is relinquished.